UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>v.<br><br>JOSE FRANCISCO CHAVEZ PARTIDA,<br><br>                              Defendant. | Case No.:  19-cr-3072-GPC<br><br>**ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE**<br><br>**[ECF No. 52]** |

On November 10, 2020, this Court convicted Jose Francisco Chavez Partida ("Defendant") for possession with intent to distribute methamphetamine, heroin, and fentanyl in violation of 21 U.S.C. § 841(a)(1).  ECF Nos. 28, 40.  The Court sentenced Defendant to 120 months of imprisonment with five years of supervised release to follow. ECF No. 50 at 12.[1]  On December 4, 2023, Defendant filed a pro se motion seeking a reduction of his sentence under 18 U.S.C. § 3582(c)(2) pursuant to Amendment 821 of the United States Sentencing Guidelines (U.S.S.G.), which was enacted on November 1, 2023.  ECF No. 52.  The government opposes, arguing that Amendment 821 does not

---

[1] Page numbers reflect CM/ECF pagination.

1  apply because the Court was sentenced to a statutory mandatory minimum within the
2  original guideline range. ECF No. 57.
3      As the Government points out, Defendant is ineligible for sentence reduction
4  because he remains subject to the statutory mandatory minimum sentence of 120 months.
5  *See* 21 U.S.C. § 841(b)(1)(A). A "reduction in the defendant's term of imprisonment is
6  not authorized…[if] the operation of another guideline or statutory provision (e.g., a
7  *statutory mandatory minimum term of imprisonment*)" applies. Application Note 1(A) to
8  U.S.S.G. § 1B1.10(a) (emphasis added); *see United States v. Paulk*, 569 F.3d 1094, 1095
9  (9th Cir. 2009).
10     As such, the Court **DENIES** Defendant's motion to reduce his sentence under 18
11 U.S.C. § 3582(c)(2).
12     **IT IS SO ORDERED**.
13 Dated:  August 27, 2025

_____
Hon. Gonzalo P. Curiel
United States District Judge